JOSHUA M. DICKEY
Nevada Bar No. 6621
PAUL C. WILLIAMS
Nevada Bar No. 12524
BAILEY❖KENNEDY
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone: 702.562.8820
Facsimile: 702.562.8821
JDickey@BaileyKennedy.com
PWilliams@BaileyKennedy.com
*Attorneys for Defendant HCA Healthcare, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ELIZABETH CROWN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HCA HEALTHCARE, INC. and DOES I through 10, inclusive,<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1441, 1446, AND 1453 (CAFA JURISDICTION)**<br><br><u>Removed From:</u><br>Eighth Judicial District Court, State of Nevada<br>Case No. A-23-877840-C |

Pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, Defendant HCA Healthcare, Inc. ("HCA") hereby removes Case No. A-23-877840-C, and all claims and causes of action therein, from the Eighth Judicial District Court, State of Nevada to the United States District Court for the District of Nevada.

Pursuant to 28 U.S.C. § 1446(a), HCA states the following grounds for removal:

1. On or about September 15, 2023, Plaintiff filed a Complaint in the Eighth Judicial District Court for the State of Nevada, Case No. A-23-877840-C. In accordance with 28 U.S.C. § 1446(b), a true and correct copy of the state court file, including all process and pleadings is attached as Exhibit 1 hereto and is incorporated herein by reference.

2. On October 21, 2023, HCA returned the Waiver of Service sent by Plaintiff to HCA pursuant to Nevada Rule of Civil Procedure ("NRCP") 4.1. Plaintiff filed that Waiver with the court on October 24, 2023. Per NRCP 4.1(d), the summons and complaint are deemed served on "at the time of the filing of the waiver."

3. In accordance with 28 U.S.C. § 1446(b), Defendant has timely filed this Notice of Removal within 30 days of the date on which Defendant waived service of the Complaint.

4. This Court has original jurisdiction of this action under 28 U.S.C. § 1332(d)(2) because the Complaint alleges that (i) the aggregate number of proposed class members equals or exceeds 100, (ii) the aggregate amount in controversy exceeds $5 million, and (iii) there is minimal diversity between the class members and class defendants. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007).

5. First, the Complaint alleges a proposed class whose numbers far exceed 100. According to the Complaint, the proposed class is defined as "All persons whose sensitive personal information, including, but not limited to, names, addresses, email addresses, telephone numbers, dates of birth, gender, appointment dates, location and times, was obtained by an unauthorized individual or individuals from [HCA] during the July 2023 data breach."[1] The proposed class does not contain any geographic limits[2] and expressly encompasses "millions of individuals."[3] The data breach "includes information for approximately 11 million HCA Healthcare patients."[4] Similar proposed nation-wide class action lawsuits have been filed in federal courts based upon the same events as this Action. *See Silvers v. HCA Healthcare, Inc.*, No. 3:23-cv-00684 (M.D. Tenn. filed July 12, 2023); *Crossman v. HCA Healthcare, Inc.*, No. 3:23-cv-00688 (M.D. Tenn. filed July 12, 2023); *Aragon v. HCA Healthcare, Inc.*, No. 3:23-cv-00696 (M.D. Tenn. filed July 14, 2023); *Rubenfeld v. HCA Healthcare, Inc.*, No. 3:23-cv-00698 (M.D. Tenn. filed July 14, 2023); *Sandstrom v. HCA Healthcare, Inc.*, No. 3:23-cv-00707 (M.D. Tenn. filed July 17, 2023); *Delapaz v. HCA Healthcare, Inc.*, No. 3:23-cv-00718 (M.D. Tenn. filed July 18, 2023); *Abramovic v. HCA Healthcare, Inc.*, No. 3-23-cv-00719 (M.D. Tenn. filed July 19, 2023); *Bowers v. HCA Healthcare, Inc.*, No. 3:23-cv-00722 (M.D. Tenn. filed July 19, 2023); *Coats v. HCA Healthcare, Inc.*, No. 3:23-cv-00723 (M.D. Tenn. filed July 20, 2023); *Coleman v. HCA Healthcare, Inc.*, No. 3:23-cv-00724

---

[1] Ex. 1, Complaint ["Compl."] ¶ 42. HCA, its officers, directors, and/or agents, and the Court and Court personnel are excluded from the class. *Id.* ¶ 43.

[2] *See generally id.*

[3] *Id.* ¶ 1.

[4] HCA Healthcare Incident Update (Aug. 14, 2023), https://hcahealthcare.com/about/privacy-update.dot.

| | |
|---|---|
| 1 | (M.D. Tenn. filed July 20, 2023); *Wallace v. HCA Healthcare, Inc.*, No. 3:23-cv-00738 (M.D. Tenn. |
| 2 | filed July 21, 2023); *Hayes v. HCA Healthcare, Inc.*, No. 3:23-cv-00740 (M.D. Tenn. filed July 24, |
| 3 | 2023); *Nelson v. HCA Healthcare, Inc.*, No. 3:23-cv-00744 (M.D. Tenn. filed July 25, 2023); *Walker* |
| 4 | *v. HCA Healthcare, Inc.*, No. 3:23-cv-00748 (M.D. Tenn. filed July 25, 2023); *Simon v. HCA* |
| 5 | *Healthcare, Inc.*, No. 3:23-cv-00774 (M.D. Tenn. filed July 28, 2023); *Dekenipp v. HCA* |
| 6 | *Healthcare, Inc.*, No. 3:23-cv-00785 (M.D. Tenn. filed July 31, 2023); *Hudson v. HCA Healthcare,* |
| 7 | *Inc.*, 3:23-cv-00789 (M.D. Tenn. filed Aug. 1, 2023); *Hinds v. HCA Healthcare, Inc.*, No. 3:23-cv- |
| 8 | 00794 (M.D. Tenn. filed Aug. 2, 2023); *Bonecutter v. HCA Healthcare, Inc.*, No. 3:23-cv-00812 |
| 9 | (M.D. Tenn. filed Aug. 4, 2023); *Glascock v. HCA Healthcare, Inc.*, No. 3:23-cv-00822 (M.D. Tenn. |
| 10 | filed Aug, 7, 2023); *M.R. v. HCA Healthcare, Inc.*, No. 3:23-cv-00835 (M.D. Tenn. filed Aug. 9, |
| 11 | 2023); *Hahn v. HCA Healthcare, Inc.*, No. 3:23-cv-00874 (M.D. Tenn. filed Aug. 18, 2023); |
| 12 | *Sperling v. HCA Healthcare, Inc.*, No. 3:23-cv-00902 (M.D. Tenn. filed Aug. 24, 2023). In most of |
| 13 | those actions, the proposed class is alleged to encompass 11 million individuals.[5] |

6. Second, the amount in controversy exceeds $5 million. According to the Complaint, identity theft "costs Americans billions of dollars a year" and "the victims of identity theft typically lose hundreds of hours dealing with the crime, and they typically lose hundreds of dollars."[6] Moreover, the Complaint alleges that "Plaintiff and Class Members have suffered and will continue to suffer, damages including, without limitation, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm."[7] In the Prayer for Relief, Plaintiff and the proposed class members seek, among other things, "compensatory damages … in the form of, inter alia, direct theft, identity theft, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm" as well as statutory

---

[5] *See* Ex. 2, Class Action Complaint, *Silvers v. HCA Healthcare, Inc.*, No. 3:23-cv-00684 (M.D. Tenn. July 12, 2023) ("*Silvers* Compl."), at 24, ¶ 118 (alleging a class size of approximately 11 million individuals); Ex. 3, Class Action Complaint, *Simon v. HCA Healthcare, Inc.*, No. 3:23-cv-00774, at 2, ¶ 3 (M.D. Tenn. July 28, 2023).

[6] Ex. 1, Compl. ¶ 17 (emphasis added); *see also id.* ¶¶ 18-19 (discussing costs associated with identity theft).

[7] *Id.* ¶ 35; *see also id.* ¶¶ 36-38 (identifying other types of financial and non-financial harm that Plaintiff and the proposed class members have and will incur).

and/or nominal damages.[8] Further, Plaintiffs also seek equitable relief including, among other things "adequate credit monitoring" and "adequate identity theft insurance."[9] Given that the potential class encompasses approximately 11 million individuals, the amount in controversy as alleged exceeds $5 million. For example, even damages of $1 per class member—approximately $11 million in total—would be sufficient to establish CAFA jurisdiction. Similar lawsuits filed based on the same HCA data breach, purporting to represent the same class, have alleged more than $5 million in damages.[10]

7. Third, minimal diversity exists, as members of the proposed class are citizens of "a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiff is a resident of Clark County, Nevada.[11] HCA is a Delaware nonprofit corporation with its principal place of business in Tennessee.[12] As a result, HCA is considered a citizen of Delaware and Tennessee for jurisdictional purposes. *See Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 957 (6th Cir. 2017) (holding that 28 U.S.C. § 1332(d)(2)(A) incorporates dual citizenship for corporations); *Life of the S. Ins. Co. v. Carzell*, 851 F.3d 1341, 1344-46 (11th Cir. 2017) (same); *Johnson v. Advance Am.*, 549 F.3d 932, 935-36 (4th Cir. 2008) (same).

8. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, and documents from the State Court Action which have been served upon HCA are attached to this Notice of Removal.

9. This Notice of Removal is timely because it was filed within 30 days from the date HCA was served with this action. *See* 28 U.S.C. §§ 1446(b), 1453.

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441 and 1446(a) because the U.S. District Court, District of Nevada is the federal judicial district embracing Clark County Nevada, where the State Court Action was originally filed.

---

[8] *Id.* ¶ 80, at 15:3-8.

[9] *Id.* ¶ 80, at 15:11-16.

[10] *See* Ex. 2, *Silvers* Compl. ¶¶ 19, 47, 105.

[11] In addition, as Plaintiff effectively proposes a nationwide class other proposed class members must be from states other than Delaware or Tennessee. *See* 28 U.S.C. § 1332(d)(2)(A).

[12] The Complaint alleges that HCA is a "nationwide corporation" that is "doing business in Clark County, Nevada." *See* Ex. 1, Compl. ¶¶ 13, 16. However, the Complaint does not identify the state in which HCA is incorporated or in which it has its principal place of business. *See generally* Compl.

11. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on the Class, and a copy is being filed with the State Court clerk.

12. HCA has not attempted to remove this Action previously.

13. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

14. Based upon the foregoing, HCA hereby removes this Action from the Eighth Judicial District Court of the State of Nevada to the United States District Court for the District of Nevada

DATED this 14th day of November, 2023.

**BAILEY❖KENNEDY**

By: /s/ Joshua M. Dickey
JOSHUA M. DICKEY
PAUL C. WILLIAMS
*Attorneys for Defendant HCA Healthcare, Inc.*

# CERTIFICATE OF SERVICE

I certify that I am an employee of BAILEY❖KENNEDY and that on the 14th day of November, 2023, service of the foregoing was made by mandatory electronic service through the United States District Court's electronic filing system and/or by depositing a true and correct copy in the U.S. Mail, first class postage prepaid, and addressed to the following at their last known address:

| | |
|---|---|
| MICHAEL KIND, ESQ.<br>**KIND LAW**<br>8860 South Maryland Parkway<br>Suite 106<br>Las Vegas, Nevada 89123 | Email: mk@kindlaw.com<br><br>*Attorneys for Plaintiff*<br>*Elizabeth Crown, individually and*<br>*on behalf of all others similarly*<br>*situated* |

          /s/ Karen Rodman
         Employee of BAILEY❖KENNEDY